## No. 4391.

### The Mississippi and Mexican Gulf Ship Canal Company v. J. O. Noyes, A. Merle and als.

Where the claim by plaintiffs was to be reimbursed their own money, that was appropriated to the payment of a judgment for which the owners of a certain piece of property were liable, and which was rendered contradictorily with them;

Held—That the payment of that judgment carried with it a legal subrogation of the plaintiffs to that judgment.

APPEAL from the Second Judicial District Court, parish of St. Bernard. *Jorda*, parish judge in place of *Pardee*, J., recused. *Henry B. Kelly*, for plaintiffs and appellees. *Alfred Grima*, for A. Merle and al., appellants.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly.

Taliaferro, J. The litigation in this case arises on the question as to how a certain sum of money paid by the plaintiffs for expropriated lands shall be distributed. The facts as we find them may be stated as follows: The company obtained a judgment of expropriation of certain land in the parish of St. Bernard, and paid into court the amount awarded by the jury, $12,000, and took a rule for the distribu-

NEW ORLEANS, JANUARY, 1873. 63

The Mississippi and Mexican Gulf Ship Canal Company v. Noyes, Merle and als.

tion of the fund contradictorily with all parties in interest claiming to be paid by privilege and preference to all other creditors the sum of $6710, with interest and costs. This claim set up by the company is predicated upon the following state of facts: Prior to the expropriation for which this sum of $12,000 was paid, the company had, in a previous suit, obtained a judgment for the expropriation of a large quantity of land, of which the land expropriated in the second suit forms part, and had deposited in court the sum of $50,000, awarded by the jury in that case. The lands expropriated in these cases constitute portions of a large estate in the parish of St. Bernard, known as the Phillipen estate. This plantation had been for several years in possession of the sheriff of that parish under a writ of seizure and sale issued at the instance of the Merle heirs, defendants in the present rule, which was suspended by injunctions obtained by the then owners of the property. In consequence of these proceedings a large amount of costs had accrued, which were claimed by the sheriff and the curator *ad hoc* appointed to represent absent litigants in the various suits growing out of the seizure of the property by the Merle heirs under their first mortgage. The sheriff and curator *ad hoc* on a rule taken by them against the Merle heirs and others in interest, for a distribution of this sum of $50,000, recovered a judgment by which their claims for costs were recognized and ordered to be paid out of the fund deposited by privilege and preference over all other creditors or parties therein interested. No appeal was ever taken by any of the parties to the rule, and in due course of proceedings the amount of the judgment so obtained ($6710) was paid to the sheriff and the curator out of that fund.

In the meantime the Merle heirs had brought a suit in the Circuit Court of the United States to annul the first judgment of expropriation for which the $50,000 had been deposited, on the ground that it was obtained fraudulently and worked injury to them. Some time after the satisfaction of the judgment in favor of the sheriff and curator, the plaintiffs with the consent of the defendants in the expropriation proceeding, the owners of the land, obtained a decree of the district court canceling and annulling the judgment of expropriation, and allowing them to withdraw the remainder of the fund of $50,000 after the satisfaction of the judgment in favor of the sheriff and curator for costs. Subsequently, the second judgment for expropriation of a smaller quantity of land was obtained, and the award in that case of $12,000 was deposited. The company now claim that as the judgment in favor of the sheriff and curator of $6710 was paid out of their money (the $50,000 deposited by them under the first award), they are entitled to be reimbursed out of their deposit of $12,000.

In answer to the rule taken by the company the Merle heirs set up

various grounds of opposition, the principal of which are : *First*—That the voluntary rescission of judgment and withdrawal of the deposit of $50,000 operated a renunciation on the part of the company of the rights which may have been claimed thereunder, by which the company are estopped from invoking the said judgment of expropriation. *Second*—That the payment of the claim of $6710 to Chalaire and Tully extinguished the same, and the company received no subrogation by law to the said creditor's rights.

The judgment of the lower court made the rule absolute and ordered that the plaintiffs, the Mississippi and Mexican Gulf Ship Canal Company, be paid out of the fund of $12,000 the sum of $6710, with five per cent. interest from the thirtieth of November, 1869, and costs, with privilege preference and priority over all other claims against said fund, and the balance of the fund which is not claimed by any one else on this rule shall remain so deposited until the further order of the court.

From this judgment the Merle heirs have taken this appeal.

The heirs of Merle claim nothing from the effect of the judgment of expropriation which was annulled, but rather claim to be put in the same situation they were prior to the rendition of that judgment, having sued in the United States Circuit Court to have it annulled. They do not in their pleadings set up any claim themselves to the fund in question, but seem to rest upon their alleged right as mort age creditors upon the Phillipen plantation, insisting, as we understand them, that their rights can not be affected by the payment of the company's claim of $6710; and praying only that their motion be dismissed with costs. The claim here set up by the plaintiffs in rule is to be reimbursed their own money which was appropriated to the payment of a judgment for which the heirs were liable, and which was rendered contradictorily with them. That fund was the price of a large portion of the Phillipen plantation. The payment then of the judgment for $6710 out of that fund carried with it a legal subrogation of the plaintiffs to that judgment. Civil Code, article 2161. Subrogation takes place of right—

"For the benefit of the purchaser of any immovable property who employs the price of his purchase in paying the creditors to whom this property was mortgaged." The payment in this case was by judicial decree made to creditors having a privilege, which took precedence of the mortgages upon the property. Civil Code, article 3252.

We are satisfied that the decree of the court *a qua* was properly rendered.

Judgment affirmed.

Rehearing refused.